# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| SANDRA FOY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File |
| vs. | ) No. 4:16-cv-00256-WTM-GRS |
| | ) |
| CORIZON HEALTH, INC., a Tennessee | ) |
| Corporation , CORIZON, LLC, a | ) |
| Missouri limited liability company; | ) |
| JOHN WILCHER in his capacity as | ) |
| CHATHAM COUNTY SHERIFF; | ) |
| CLAYTON M. RAMSU, M.D.; and | ) |
| JOSEPH G. MOYSE, M.D. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY

Defendants Corizon Health, Inc., Clayton M. Ramsue, M.D. (wrongfully identified as "Clayton M. Ramsu, M.D."), Sheriff John T. Wilcher, and Joseph G. Moyse, M.D. hereby submit this Joint Response in Opposition to Plaintiffs' Motion to Extend Discovery [Doc. 39] as follows:

## BACKGROUND FACTS

This is another in a series of cases filed in this Court against Corizon Health, Inc., Sheriff John Wilcher, and others arising out of allegedly deficient care at the Chatham County Detention Center. Plaintiffs filed the case on September 24, 2016. [Doc. 1]. The basic allegations are that the Defendants failed to treat Mr.

Johnson's alleged high blood pressure, diabetes, and high cholesterol levels adequately, leading to his death on November 13, 2014. [Doc. 1 ¶ 3].

After resolving a legal issue concerning service on one of the defendants, the Court entered a scheduling order dated December 20, 2016 [Doc. 23]. The parties requested an expanded discovery period in their Rule 26(f) report [doc. 20], and the Court generously provided Plaintiffs over seven months to identify expert witnesses and complete fact discovery. [Doc. 23]. In the scheduling order, the Court wrote:

> By granting the parties' requested extension of the normal discovery deadlines, the Court believes that it has furnished ample time for both fact and expert discovery in this case. No request for an extension of these generous deadlines will be granted absent a showing that the parties could not have completed discovery within the time allowed by this Order even with due diligence.

[Doc. 23, p. 2].

Since then, Plaintiffs have not served any written discovery requests to Defendants, have not taken or requested any depositions, nor have they subpoenaed documents from third parties, many of whom Plaintiffs identified in their initial disclosures dated December 14, 2016.

According to the motion to withdraw as counsel filed by their former attorney, Mr. Claiborne [doc. 30], Plaintiffs were aware as of May 12, 2017 that he intended to withdraw as their counsel. In that motion, Mr. Claiborne certified that

2

he complied with Local Rule 83.7, which means he would have given Plaintiffs notice of impending deadlines. [Doc. 30-1]. Mr. Claiborne also represented to the Court that Plaintiffs "picked up a complete copy of [the] entire file" on May 18, 2017. [Doc. 30 at p. 1][1].

In contradiction of the foregoing, Plaintiffs now appear to claim that they were not aware of the impending deadline to identify expert witnesses, and state that they "have no discovery documents in their possession" in their motion to extend time for discovery. [Doc. 39]. Notably, Defendants have attempted to provide electronic copies of the discovery to Plaintiffs' new counsel, with varying degrees of success, but are making arrangements to get the copies to them as soon as possible.

Defendants, on the other hand, have sent multiple discovery requests to Plaintiffs, produced dozens of pages of documents (including complete medical records), subpoenaed documents from seven non-party sources, and subpoenaed eight witnesses for depositions at the beginning of June. Defendants agreed to reschedule the depositions once new counsel for Plaintiffs got up to speed on the file.

---

[1] According to exhibit B to the motion to withdraw as counsel, Plaintiff Sandra Foy Johnson's daughter, Rochon Gordon, picked up the file. [Doc. 30-2].

Plaintiffs are asking the Court for another six months of discovery. [Doc. 39 at p. 2]. Plaintiffs offer no explanation for the lack of diligence or why they need so long to complete discovery. Conversely, Defendants are prepared to identify expert witnesses by the current July 28, 2017 deadline for disclosure, to make the expert witnesses available for depositions before the current September 26, 2017 deadline, and to file dispositive motions by the current October 26, 2017 deadline. [Doc. 23]. For these reasons, Defendants respectfully request that the Court deny Plaintiffs' motion.

## **ARGUMENT AND CITATION OF AUTHORITY**

Plaintiffs are asking for, in essence, a do-over without demonstrating basic compliance with the Court's orders. Plaintiffs have not demonstrated how they would be prejudiced if their motion were to be denied, do not address the potential impact a further delay will have on bringing the case to a resolution, nor do they explain what happened in the time between when Plaintiffs were first notified of Mr. Claiborne's intent to withdraw and when they retained new counsel. These should be part of any motion to extend discovery. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1991). And, despite the Court's admonition that "No request for an extension of these generous deadlines will be granted absent a showing that the parties could not have completed

discovery within the time allowed by this Order even with due diligence," [doc. 23, p. 2], Plaintiffs made no such showing.

Here, this Court gave the parties fair warning that it expected discovery to be completed within the "generous deadlines" it provided. [Doc. 23]. Mindful of that, Defendants proceeded to work the case up. Plaintiffs, on the other hand, have not demonstrated *any* due diligence; in the over five (5) months they were represented by their prior counsel, Plaintiffs did not conduct any discovery at all.

The Eleventh Circuit has repeatedly held that a district court does not abuse its discretion by holding the litigants to a scheduling order. Josendis v. Wall to Wall Residence Repairs Inc., 662 F.3d 1292 (2011). Here, Plaintiffs do not even purport to lay out what discovery they need to conduct. [Doc. 39]. Rather, it appears they are simply asking for more time for their new attorneys to review the file [Doc. 39]. Because Plaintiffs have not demonstrated even an attempt to move the case forward, much less towards resolution, Defendants respectfully request the Court deny the motion. See e.g., Ashmore v. Sec'y, Dep't of Transp., 503 F. App'x 683, 686 (11th Cir. 2013) (affirming denial of motion to extend discovery).

## **CONCLUSION**

Defendants respectfully request the Court deny Plaintiffs' Motion to Extend Time for Discovery.

This 25th day of July, 2017.

                                  CARLOCK, COPELAND & STAIR, LLP

By:   *s/Eric J. Frisch*
       THOMAS S. CARLOCK
       State Bar No.: 110200
       ERIC J. FRISCH
       State Bar No. 261683

Attorneys for Defendant Corizon Health, Inc., Corizon, LLC and Clayton M. Ramsue, M.D.

191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303
404-522-8220
    ..........
P.O. Box 56887
Atlanta, Georgia 30343-0887
tcarlock@carlockcopeland.com
efrisch@carlockcopeland.com

                                  OLIVER MANER LLP

*/s/ Benjamin M. Perkins*
BENJAMIN M. PERKINS
State Bar No. 140997

P.O. Box 10186
Savannah, GA 31412                Attorneys for Sheriff John T. Wilcher
(912) 236-3311 telephone
(912) 236-8725 facsimile
bperkins@olivermaner.com

INSLEY & RACE, LLC

*/s/ Brynda Rodriguez Insley*
BRYNDA RODRIGUEZ INSLEY
State Bar No. 611435

The Mayfair Royal
181 14th Street, N.E., Suite 200
Atlanta, GA 30309
(404) 876-9818 telephone
binsley@insleyrace.com

Attorneys for Joseph G. Moyse, M.D.

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by the CM/ECF system:

Brynda R. Insley
Insley & Race
181 14th Street, N.E.
Suite 200
Atlanta, GA  30309

Jennifer Burns
Assistant County Attorney
Chatham County Attorney Office
P. O. Box 8161
Savannah, GA  31401

Benjamin Perkins
Oliver Maner, LLP
P. O. Box 101816
Savannah, GA  31412

This 25th day of July, 2017.

By: *s/Eric J. Frisch*
ERIC J. FRISCH
State Bar No.: 261683

Attorneys for Defendants Corizon Health, Inc., Corizon, LLC and Clayton M. Ramsue, M.D.

Carlock, Copeland & Stair, LLP
191 Peachtree Street, NE, Suite 3600
Atlanta, Georgia 30303
404-522-8220
……….
P.O. Box 56887
Atlanta, GA 30343-0887

6119506v.1