# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court
By tblanchard at 8:36 am, Aug 08, 2017

SANDRA FOY JOHNSON,
individually, and on behalf of the
ESTATE OF DONALD JOHNSON,
deceased,

    Plaintiffs,

v.                                        CV416-256

CORIZON HEALTH, INC., *et al.*,

    Defendants.

## **ORDER**

In this wrongful-death prisoner suit, the Court entered a scheduling order in December 2016, and provided over seven months for the parties to identify their experts and complete fact discovery. Doc. 23. It also provided that no further extensions would be granted without a showing of diligence. *Id.* at 2 (admonishing the parties that "No request for an extension of these generous deadlines will be granted absent a showing that the parties could not have completed discovery within the time allowed by this Order even with due diligence.").

Defendants began discovery in earnest; plaintiffs did nothing past serving their initial disclosures. Doc. 41. In May 2017, plaintiffs'

counsel notified them he would have to withdraw and provided a "complete copy of [the] entire file" to plaintiffs. Doc. 30 (motion to withdraw) at 1. Plaintiffs secured new counsel on July 6, 2017, after the deadline for furnishing expert witness reports had passed. Doc. 39 at 2-3. They seek a three month extension of all deadlines, to give their new counsel an opportunity to catch up with what happened with the case and to procure a copy of the file that they now say they never received. *Id.* at 3.

Plaintiffs do not, however, explain how they have diligently prosecuted their case at any point between December 2016 and the present; nor do they explain precisely why discovery could not have been completed within the seven month timeline provided for by the scheduling order. Doc. 39; *see* doc. 23 at 2 ("No request for an extension of these generous deadlines will be granted absent a showing that the parties could not have completed discovery within the time allowed by this Order even with due diligence."). Again, since December 2016, plaintiffs conducted *no discovery whatsoever.* Doc. 41 at 5. They cannot now ask the Court to further enlarge the already generous discovery period to give them another chance to move their case

forward, without any explanation about why they failed to do so the first time. *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 686 (11th Cir. 2013) (denial of motion to extend discovery appropriate where plaintiff filed his motion only one day before close of the discovery and had not propounded any discovery). Plaintiffs' motion is **DENIED**.

**SO ORDERED,** this  7th  day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA